IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 21-00214-KD-B |
| | ) |
| XAY SANGBOUTSADY, | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

This action is before the Court on the motion for early termination from Federal supervision filed by Defendant Xay Sangboutsady (doc 67) and the United States' response (doc. 69). Upon consideration, and for the reasons set forth herein, the motion is GRANTED.[1]

Sangboutsady and his co-defendant were indicted for the offense of conspiracy to distribute methamphetamine (Count One). Sangboutsady was indicted for the offenses of possession with intent to distribute methamphetamine (Count Two), possession of a firearm by a convicted felon (Count 6), and possession of a firearm in furtherance of a drug trafficking crime (Count Seven).

Sangboutsady pled guilty to Count Seven.  He was sentenced to a prison term of 60 months to be followed by 60 months of supervised release (doc. 61).  He began his term of supervision on January 29, 2019.  At present, he has completed approximately 40 months of supervision.

Sangboutsady moves the Court for early termination of supervision. In support, he states that he has "been working hard" during his supervision, has been consistent with the Probation Office appointments, and has met the requirements of supervision (doc. 67).

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that

---

[1] No evidentiary hearing is necessary. The relief sought is favorable to Defendant and does not extend his term of supervised release. The United States does not oppose early termination (doc. 69). Fed. R. Crim. P. 32.1(c)(2)(B) & (C).

such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  Sangboutsady began his term of supervision in January 2019. Thus, one-year of supervision has expired.

With respect to consideration of the relevant factors, the Court has considered the "nature and circumstances" of Sangboutsady's offenses and his "history and characteristics" 18 U.S.C. § 3553(a)(1). And considered the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", "afford adequate deterrence to criminal conduct", and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

The Court also considered Sangboutsady's conduct during supervision.  His Probation Officer reports that Sangboutsady complied with all conditions of supervision, but for one issue of non-compliance in November 2021.  He also reports that Sangboutsady has maintained a stable relationship with his girlfriend, consistently worked although hindered by difficulties with his immigration documents, and has recently obtained full-time, stable employment with a shipyard in Bayou La Batre, Alabama. The Probation Officer does not object to early termination.

The Court has also considered the absence of opposition from the United States (doc. 69).

Accordingly, upon consideration of the foregoing, the Court finds that early termination would serve the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, [ ] to provide just punishment for the offense", and "afford adequate deterrence to criminal conduct" 18 U.S.C. § 3553(a)(2)(A), (B) & (C).  The Court specifically acknowledges Sangboutsady's substantial compliance with his conditions of release, stable personal relationship, and recent full-time employment.  Even though he committed significant criminal offenses in the past, the Court is satisfied that early termination is warranted by Sangboutsady's present conduct and the interests of justice. 18 U.S.C. § 3583(e)(1).

The Clerk is directed to mail a copy of this Order to Sangboutsady.

**DONE** and **ORDERED** this the 19th day of May 2022.

                                              <u>s / Kristi K. DuBose</u>
                                              **KRISTI K. DuBOSE**
                                              **UNITED STATES DISTRICT JUDGE**